IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
at NEW ALBANY

FILED
MAY 3 1 2011
US DISTRICT COURT
NEW ALBANY DIVISION

JMB MANUFACTURING, INC.,
D/B/A/ SUMMIT FOREST PRODUCTS COMPANY.
      Plaintiff,

vs.

CASE NO. **4 :11 -cv- 0 6 5 TWP -WGH**

CHILD CRAFT, LLC,
A/K/A SOUTHERN INDIANA FURNITURE COMPANY, INC.
A/K/A CHILD CRAFT , INC., A/K/A CHILD LINE, A/K/A CHILD CRAFT,
A/K/A CHILD CRAFT INDUSTRIES; HARRISON MANUFACTURING, LLC;
G.E.G. of INDIANA, LLC; GATEWAY MANUFACTURING, INC.;
DOUGLAS K. GESSFORD; WILLIAM S. SUVAK and MARK SUVAK
      Defendants.

---

## COMPLAINT

Comes the Plaintiff, JMB MANUFACTURING, INC. D/B/A SUMMIT FOREST

PRODUCTS COMPANY, by counsel, and for its Verified Complaint against the above named

Defendants, respectfully submits the following:

### PARTIES

1.    Plaintiff, JMB MANUFACTURING, INC. D/B/A SUMMIT FOREST

PRODUCTS COMPANY, was at all times relevant, an Michigan Corporation duly organized

under the laws of the State of Michigan and authorized to engage in business in the State of

Illinois under the assumed name of SUMMIT FOREST PRODUCTS COMPANY, with its

principal place of business situated at 39 Oak Lane, Lemont, IL 60439-3949.

2.    That the Defendant, Child Craft, LLC, (hereafter referred to as "CHILD

CRAFT")A/K/A SOUTHERN INDIANA FURNITURE, COMPANY, INC., A/K/A CHILD

CRAFT , INC., A/K/A CHILD LINE, A/K/A CHILD CRAFT, A/K/A CHILD CRAFT

INDUSTRIES, was at all times relevant an Indiana Corporation duly organized under the laws of

1

the State of Indiana with its principal place of business situated at 1010 Keller Drive, New Salisbury, Indiana 47161.

3.  That the Defendant, HARRISON MANUFACTURING, LLC, (hereafter referred to as "HARRISON") is a successor-in-interest to personal property interest of CHILD CRAFT, and was at all times relevant an Indiana Corporation duly organized under the laws of the State of Indiana with its principal place of business situated at 1010 Keller Drive, New Salisbury, Indiana 47161.

4.  That the Defendant, G.E.G. of INDIANA, (hereafter referred to as "GEG") is a successor-in-interest to the real estate interest of CHILD CRAFT, and was at all times relevant an Indiana Corporation duly organized under the laws of the State of Indiana with its principal place of business situated at 1010 Keller Drive, New Salisbury, Indiana 47161.

5.  That the Defendant, GATEWAY MANUFACTURING, INC., (hereafter referred to as "GATEWAY", is to the Plaintiff's best knowledge and belief, and at all times relevant, a Kentucky Corporation duly organized under the laws of the Commonwealth of Kentucky with its principal place of business situated at 2671 Owingsville Road, Mount Sterling, Kentucky 40353.

6.  That Defendant, DOUGLAS K. GESSFORD, (hereafter referred to as "GESSFORD") is an individual, and was at all times relevant, a manager and/or owner of CHILD CRAFT, GATEWAY MANUFACTURING, INC., HARRISON MANUFACTURING, LLC and G.E.G. of INDIANA.

7.  That Defendant, WILLIAM S. SUVAK, was at all times relevant the President and shareholder of CHILD CRAFT, with his business mailing address situated at 1010 Keller Drive, New Salisbury, Indiana 47161.

2

8.    That Defendant, MARK SUVAK, was at all times relevant the Vice President and shareholder of CHILD CRAFT, with his business address situated at 1010 Keller Drive, New Salisbury, Indiana 47161.

## JURISDICTION

9.    Jurisdiction is proper, pursuant to 28 U.S.C. §1332 in that Plaintiff is an Illinios resident, and a Michigan Corporation, and all of the corporate Defendants are residents of the State of Indiana or the Commonwealth of Kentucky, and the individual Defendants are closely associated with the Indiana and Kentucky Corporate Defendants.

10.    Venue is proper, pursuant to 28 U.S.C.§1391, in the Southern District of Indiana, New Albany Division, because the majority of the Corporate Defendants reside in Harrison County, State of Indiana.

## FACTUAL ALLEGATIONS

11.    That Plaintiff, at all times relevant, was a wholesaler of unfinished and partially finished wood products for children's furniture and other applications.

12.    That the Defendant, CHILD CRAFT, at all times relevant, was a manufacturer and supplier of finished and partially finished children's furniture.

13.    That the Defendant, GATEWAY, at all times relevant, was a manufacturer and supplier of finished and partially finished furniture and a subsidiary or associated corporation of CHILD CRAFT.

14.    That on or about the 6th day of August 2008, the Plaintiff received a Purchase Order from Defendant, GATEWAY, which ultimately shipped under invoices 2394, 2406 and 2410. Said Purchase Order is attached as Exhibit "A" and incorporated herein by reference.

3

15.     That on or about the 3rd day of December 2008, the Plaintiff shipped to CHILD CRAFT $18,368.00 in wood products, plus $5,500.00 shipping for a total of $23,868.00 under Invoice No. 2394.  Said invoice is attached as Exhibit "B" and incorporated herein by reference.

16.     That on or about the 22nd day of December 2008, the Plaintiff shipped to CHILD CRAFT $17,087.00 in wood products, plus $5,500.00 shipping for a total of $22,587.00 under Invoice No. 2406.  Said invoice is attached as Exhibit "C" and incorporated herein by reference.

17.     That on or about the 23rd day of January 2009, the Plaintiff shipped to CHILD CRAFT $14,985.00 in wood products, plus $5,500.00 shipping for a total of $20,485.00 under Invoice No. 2410.  Said invoice is attached as Exhibit "D" and incorporated herein by reference.

18.     That on or about the 20th day of April 2009, the Plaintiff shipped to CHILD CRAFT $13,937.00 in wood products, plus $4,819.35 shipping for a total of $18,756.35 under Invoice No. 2422.  Said invoice is attached as Exhibit "E" and incorporated herein by reference.

19.     That on or about the 28th day of April 2009, the Plaintiff shipped to CHILD CRAFT $16,643.65 in wood products, plus $4,638.67 shipping for a total of $21,282.32 under Invoice No. 2423.  Said invoice is attached as Exhibit "F" and incorporated herein by reference.

20.  That the Defendants, WILLIAM S. SUVAK and MARK SUVAK, (hereafter referred to as "SUVAKS" were, at relevant times, officers and owners of CHILD CRAFT.

21.  That the Defendant, DOUGLAS K. GESSFORD, at all times relevant was a manager for CHILD CRAFT and Plaintiff alleges, based on a reasonable belief, bought the assets of CHILD CRAFT from SUVAKS in 2008-2009.

22.     That the Defendant, DOUGLAS K. GESSFORD, sold the assets of CHILD CRAFT to an Ohio Corporation, Foundations Worldwide, (hereafter referred to as

4

"Foundations") on July 30, 2009, and based on a reasonable belief, included Plaintiff's wood products as part of CHILD CRAFTS assets.

23.     That the Defendant, DOUGLAS K. GESSFORD, the Plaintiff alleges upon reasonable belief, created the corporate Defendants, HARRISON and GEG, to hold the assets of CHILD CRAFT.

24.     That on or about the 10th day of December 2008, the Defendants, CHILD CRAFT, GATEWAY and GESSFORD requested that Plaintiff express ship certain products and agreed they would pay ½ of the express shipping cost. ½ of said shipping cost was $3,837.61.  Said freight bill is attached as Exhibit "G" and incorporated herein by reference.

25.     That the Defendant, DOUGLAS K. GESSFORD, transferred the assets of CHILD CRAFT to HARRISON and GEG sometime in 2008-2009.

26.     That on October 12, 2010, the Defendants, HARRISON and GEG filed suit against Foundations for failure to pay the total amount due on the sale of the CHILD CRAFT assets.

27.     That the Plaintiff has demanded payment from the Defendants on several occasions and the Defendants have refused to pay.

## COUNT I-FAILURE TO PAY

28.     That the Defendants, CHILD CRAFT and GATEWAY, have failed to pay the amount due and owing after repeated demands for payment from the Plaintiff.

WHEREFORE, Comes the Plaintiff, JMB MANUFACTURING, INC. D/B/A SUMMIT FOREST PRODUCTS COMPANY, and for its prayer against the above named Defendant, requests:

a.      Judgment for the Plaintiff and against the Defendant, CHILD CRAFT and GATEWAY, for the amount due and owing under said invoices and shipment bills, plus costs and statutory interest on each invoice and shipment bill, to accrue 30 days from the date of each invoice, respectively.

b       A reasonable attorneys fee

c.      For a trial by jury on all issues so triable.

d..     For any and all further relief to which it may appear entitled.

## COUNT II-FRAUD

29.     That the Defendants, SUVAKS, committed actual or constructive fraud against the Plaintiff by using the corporate Defendant, CHILD CRAFT, to obtain wood products from the Plaintiff and selling the wood products to Defendant, GESSFORD, before paying for them.

30.     That Defendants, SUVAKS, committed actual or constructive fraud against the Plaintiff by intentionally ordering goods from the Plaintiff while selling the goods as assets to GESSFORD, and then refusing to pay for said goods.

31.     That Defendant, GESSFORD, committed actual or constructive fraud against the Plaintiff, by taking shipment of the Plaintiff's wood products, falsely alleging that all of the product was defective, and then selling said product to an Ohio Corporation, Foundations Worldwide, Inc.(hereafter referred to as "Foundations"), as part of the assets of CHILD CRAFT.

32.     That Defendant, GESSFORD, committed actual or constructive fraud against the Plaintiff by falsely alleging all of the Plaintiff's wood products were defective, and inducing the Plaintiff to spend approximately $14,000.00 to bring an international lawsuit against the Plaintiff's overseas wood distributor.

33.     That Plaintiff was forced to stop the lawsuit once the Plaintiff discovered GESSFORD had sold the product to Foundations as non-defective, and said $14,000.00 was a total loss.

34.     The Defendant, GATEWAY, committed actual or constructive fraud against the Plaintiff, by ordering product from the Plaintiff, having it shipped to Defendant, CHILD CRAFT'S place of business and then stating that CHILD CRAFT was the purchaser.

35.     That the actions of the Defendants, SUVAKS and GESSFORD, were so outrageous that they rise to level to warrant punitive damages.

WHEREFORE, Comes the Plaintiff, JMB MANUFACTURING, INC. D/B/A SUMMIT FOREST PRODUCTS COMPANY, and for its prayer against the above named Defendant, requests:

a.      Judgment for the Plaintiff and against the Defendants, SUVAKS, GESSFORD and GATEWAY, for the amount due and owing under said invoices and shipping bills, punitive damages to deter this outrageous behavior, plus costs and statutory interest on each invoice and shipping bill, to accrue 30 days from the date of each invoice and shipping bill, respectively.

b.      A reasonable attorneys fee

c.      For a trial by jury on all issues so triable.

d.      For any and all further relief to which it may appear entitled.

## COUNT THREE-CRIMINAL CONVERSION

30.     The Defendants, CHILD CRAFT, GATEWAY, SUVAKS, GESSFORD, HARRISON and GEG have exerted unauthorized control over the Plaintiff's wood products, and have therefore committed criminal conversion.

31.    That the Plaintiff is entitled to all the damages enumerated in I.C. 34-24-3-1, including, but not limited to, treble damages.

WHEREFORE, Comes the Plaintiff, JMB MANUFACTURING, INC. D/B/A SUMMIT FOREST PRODUCTS COMPANY, and for its prayer against the above named Defendant, requests:

a.    Judgment for the Plaintiff and against the Defendants, SUVAKS and GESSFORD, for the amount due and owing under said invoices and shipping orders, all damages and cost permited under I.C. 34-24-3-1, plus costs and statutory interest on each invoice, to accrue 30 days from the date of each invoice, respectively.

b.    A reasonable attorneys fee

c.    For a trial by jury on all issues so triable.

d.    For any and all further relief to which it may appear entitled.

Respecfully Submitted

Gordon D. Ingle
FAITH INGLE SMITH, LLC
Attorney for Plaintiff
Ind.Sup.Ct.No.: 11221-22
699 Hillview Drive
Corydon, Indiana 47112
(812) 738-8100