UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

| | |
|---|---|
| JMB MANUFACTURING, INC., d/b/a SUMMIT FOREST PRODUCTS CO., <br><br>　　　　Plaintiff, <br>　vs. <br><br>CHILD CRAFT, LLC a/k/a <br>CHILD CRAFT a/k/a <br>CHILD LINE a/k/a <br>CHILD CRAFT INDUSTRIES; <br>HARRISON MANUFACTURING, LLC, <br>G.E.G. OF INDIANA, LLC, <br>GATEWAY MANUFACTURING, INC., <br>DOUGLAS K. GESSFORD, and <br>DARYL EASON <br><br>　　　　Defendants. | NO. 4:11-cv-0065-TWP-WGH |

**ENTRY ON MOTION TO DISMISS FIRST AMENDED COMPLAINT**

### I.　*Background*

Plaintiff JMB Manufacturing, Inc. ("JMB") is a wholesaler of unfinished and partially finished wood products for children's furniture and other applications. In 2008 and 2009, after receiving purchase orders, JMB made a series of shipments of wood products to Defendant Child Craft, LLC ("Child Craft"), a manufacturer and supplier of finished and partially finished children's furniture. JMB alleges that Child Craft failed to pay for the shipments.

On May 31, 2011, JMB sued a multitude of persons and entities, including: (1) Child Craft; (2) Harrison Manufacturing, LLC ("Harrison Manufacturing"), the successor-in-interest to personal property interests formerly held by Child Craft; (3) G.E.G. of Indiana, LLC ("G.E.G."), the successor-in-interest to real estate interests formerly held by Child Craft; (4) Gateway

1

Manufacturing, Inc. ("Gateway"); (5) Douglas Gessford, the owner and manager of Child Craft, Harrison Manufacturing, G.E.G., and Gateway; (6) William Suvak, the President and shareholder of Child Craft; and (7) Mark Suvak, the Vice President and shareholder of Child Craft. (The Suvaks are no longer defendants in this case.)

JMB initially brought three causes of action: (1) a breach of contract claim against Child Craft and Gateway; (2) a constructive fraud claim against William Suvak, Mark Suvak, Douglas Gessford, and Gateway; and (3) a conversion claim against Child Craft, Gateway, William Suvak, Mark Suvak, Douglas Gessford, Harrison Manufacturing, and G.E.G.

Most of the Defendants (all but the Suvaks) moved to dismiss various counts under Fed. R. Civ. P. 12(b)(6).  Specifically, Harrison Manufacturing, G.E.G., Gateway, and Gessford moved to dismiss all of the claims against them, while Child Craft moved to dismiss the criminal conversion claim. On October 12, 2011, the Court granted the Movants' Motion to Dismiss in its entirety, leaving only a handful of claims – most notably, the breach of contract claim against Child Craft.

However, the Court granted the motion to dismiss without prejudice, giving JMB 21 days to file an amended complaint. On October 31, 2011, JMB filed an amended complaint; the new complaint added some claims, dropped others, and added Daryl Eason (co-owner of Child Craft, Harrison Manufacturing, G.E.G., and Gateway) as a defendant. Specifically, the amended complaint contains three claims: (1) a breach of contract claim against Child Craft; (2) a "veil piercing" claim against G.E.G., Harrison Manufacturing, Gateway, Gessford, and Eason; and (3) a conversion claim against Child Craft, G.E.G., Harrison, Gessford, and Eason.

In response, all of the remaining Defendants have filed a motion to dismiss certain portions of the amended complaint. Specifically, Defendants write that JMB's "breach-of-

contract and veil-piercing claims fail to state a claim upon which relief can be granted . . . to the extent that they seek to recover damages that this Court has already ruled are barred by the statute of frauds." Moreover, JMB's "conversion claims should . . . be dismissed . . . because this Court has already ruled that Indiana law does not permit a conversion claim to be pursued in this case." (Dkt. 48-1 at 1-2).[1]

## II.    *Legal Standard*

When reviewing a Rule 12(b)(6) motion, the Court takes all well-pleaded allegations in the complaint as true and draws all inferences in favor of the plaintiff. *Bielanski v. County of Kane*, 550 F.3d 632, 633 (7th Cir. 2008) (citations omitted).  However, the allegations must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests" and the "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Pisciotta v. Old Nat'l Bancorp*, 499 F.3d 629, 633 (7th Cir. 2007) (quoting *Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955, 1965 (2007)).  Stated differently, the complaint must include "enough facts to state a claim to relief that is plausible on its face." *Hecker v. Deere & Co.*, 556 F.3d 575, 580 (7th Cir. 2009) (citations omitted).  To be facially *plausible*, the complaint must allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (citation omitted).  When ruling on a motion to dismiss, a court generally should only consider the complaint's allegations. *Centers v. Centennial Mortg., Inc.*, 398 F.3d 930, 933 (7th Cir. 2005) (citation omitted).  However, "[a] copy of a written instrument that is an exhibit to a pleading is a part of the pleading for all purposes." Fed. R. Civ. P. 10(c).

---

[1] A more thorough factual background addressing the substance of JMB's allegations can be found in the Court's entry on Defendants' first motion to dismiss. *See JMB Manufacturing, Inc. v. Child Craft, LLC*, 2011 WL 4833094 (S.D. Ind. Oct. 12, 2011).

### III.  *Discussion*

The present motion presents two questions. First, does the statute of frauds bar JMB from recovering $3,871.61 in shipping costs? Second, has JMB pled a plausible conversion claim? Each question is answered in turn.

**A. Shipping Costs – Statute of Frauds**

JMB seeks $110,816.28 in contract-related damages. A small portion of these damages ($3,871.61) relate to shipping costs that Child Craft allegedly failed to pay. In its entry on Defendants' first motion to dismiss, the Court ruled that the statute of frauds barred JMB from recovering this amount. Specifically, Indiana Code § 26-1-2-201(1) provides that a contract "for the sale of goods" for the price of $500.00 or more is unenforceable unless it is contained in "some writing." Ind. Code § 26-1-2-201(1). This writing must be "sufficient to indicate that a contract for sale has been made between the parties and signed by the party against whom enforcement is sought or by his authorized agent or broker." *Id*.

For the first time in this case, JMB now claims that the requisite "writing" exists. Specifically, JMB's response brief points to various emails between authorized agents of JMB and Child Craft, where the agents broach the price of the air shipment and how the payment may be apportioned. Notably, on December 10, 2008, JMB's agent sent an email with an invoice attached, and Child Craft's agent acknowledged that he had "[r]eceived" the receipt and would forward it to the company's CFO.

As it stands, Defendants appear to tacitly concede that these emails amount to "writings" for purposes of the statute of frauds. Nonetheless, Defendants contend that JMB "waived this argument by failing to raise it in response to the Defendants' first motion to dismiss on the basis of the statute of frauds." (Dkt. 58 at 1). According to Defendants, JMB clearly has possessed

those emails since the genesis of this case, and should have used them in responding to the initial motion to dismiss.

This argument is well-taken. "When rendering judgment, district courts should be able to assume that a litigant has fully stated his position," and "rules of waiver [of arguments not asserted before judgment] operate to enforce this result." *Russell v. Delco Remy Div. of Gen. Motors Corp.*, 51 F.3d 746, 752 (7th Cir. 1995). That said, given the early procedural posture of this case (this is not summary judgment – the "put up or shut up" moment of a lawsuit), the Court does not view JMB's gaffe as fatal. Defendants have not cited any binding case law standing for the proposition that a plaintiff automatically waives an argument by failing to include it in its response to a motion to dismiss a complaint, only to then include it when responding to a motion to dismiss an *amended* complaint.

Nor could they, as courts have discretion to overlook waivers. *See, e.g., Amcast Indus. Corp. v. Detrex Corp.,* 2 F.3d 746, 749 (7th Cir. 1993) (*"*In the rare case in which failure to present a ground to the district court has caused no one – not the district judge, not us, not the appellee – any harm of which the law ought to take note, we have the power and the right to permit it to be raised for the first time to us."); *United States v. Wilson*, 962 F.2d 621, 627 (7th Cir. 1992) (exercising discretion to consider issue raised for the first time in a reply brief); *In re Leventhal*, 2012 WL 1067568, at *3, n.3 (N.D. Ill. March 22, 2012) ("the court will exercise its discretion and address the arguments despite the waiver"); *Digan v. Euro-American Branks, LLC*, 2012 WL 668993, at *2 (N.D. Ill Feb. 29, 2012) ("Because this Court prefers to decide issues on the merits to the extent it is possible, it declines to exercise its discretion to deem the entirety of Digan's arguments waived. The Court will consider her arguments . . . ."). Moreover, as a practical matter, the emails do in fact exist. Thus, a contrary ruling would elevate form over substance by avoiding the

merits of JMB's argument. Therefore, Defendants' motion to dismiss is **DENIED** with respect to their statute of frauds argument.

### B. Conversion

In its entry on Defendants' first motion to dismiss, the Court dismissed JMB's conversion claim because JMB failed to allege that Defendants acted with the requisite intent. In doing so, the Court observed that JMB's conversion allegations appeared to be "little more than the breach of contract allegations recast in a different form." (Dkt. 39 at 8-9). Defendants argue that, notwithstanding JMB's amendment of its complaint, the conversion allegations are still inextricably tied to its breach of contract allegations, thus barring recovery on the conversion claim. *See French-Tex Cleaners, Inc. v. Cafaro Co.*, 893 N.E.2d 1156, 1167-68 (Ind. Ct. App. 2008). JMB counters that the conversion claim and the breach of contract claim are, in fact, separable: the breach of contract claim relates to the failure to pay for goods delivered, while the conversion claim is "based on the behavior of the Defendants after the goods were received." (Dkt. 55 at 3).

To be sure, there is a strong argument to be made that this case is, at its core, a garden-variety contract dispute. And Indiana law is well-settled that where "the source" of a duty "arises from a contract, 'then tort law should not interfere.'" *French-Tex*, 893 N.E.2d at 1167-68 (quoting *Paniaguas v. Endor, Inc.*, 847 N.E.2d 967, 970 (Ind. Ct. App. 2006)). However, the legal standard at the motion to dismiss stage is "plaintiff friendly," and the Court finds that JMB's conversion-related allegations, while somewhat vague and difficult-to-follow, are plausible enough to survive this round of motions practice.[2] A contrary decision risks needlessly jumping the gun. Therefore, Defendants' motion is **DENIED** with respect to its conversion argument.

---

[2] Nothing in this order should be interpreted as telegraphing how the Court would rule on this issue on a motion for summary judgment.

### IV.    *Conclusion*

For the reasons set forth above, Defendants' Motion to Dismiss the First Amended Complaint (Dkt. 48) is **DENIED**.

SO ORDERED:    04/17/2012

_____
Hon. Tanya Walton Pratt, Judge
United States District Court
Southern District of Indiana

Distribution to:

**Gordon D. Ingle**
FAITH INGLE SMITH LLC
gdilaw@faithinglesmith.com

**S. Chad Meredith**
RANSDELL AND ROACH, PLLC
chad@ransdellroach.com

**W. Keith Ransdell**
RANSDELL AND ROACH, PLLC
keith@ransdellroach.com

**John C. Roach**
RANSDELL & ROACH, PLLC
john@ransdellroach.com

**Jeffrey A. Savarise**
Fisher & Phillips LLP
jsavarise@laborlawyers.com