# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF INDIANA
# NEW ALBANY DIVISION

| | |
|---|---|
| JMB MANUFACTURING, INC ) | |
| ) | |
| Plaintiff/Counterclaim-Defendant, ) | |
| ) | |
| v. ) | Case No. 4:11-cv-65-TWP-WGH |
| ) | |
| CHILD CRAFT, LLC, ) | |
| G.E.G. OF INDIANA, LLC, ) | |
| GATEWAY MANUFACTURING, INC., ) | |
| DOUGLAS K. GESSFORD, ) | |
| DARYL EASON ) | |
| ) | |
| Defendants ) | |
| ) | |
| HARRISON MANUFACTURING, LLC, ) | |
| ) | |
| Defendant/Counterclaim-Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| ROB BIENIEAS ) | |
| ) | |
| Counterclaim-Defendant. ) | |

## ENTRY ON COUNTERCLAIM-DEFENDANTS' MOTION
## FOR PARTIAL JUDGMENT ON THE PLEADINGS

Plaintiff JMB Manufacturing, Inc., d/b/a Summit Forest Products Company ("Summit Forest"), sued Defendants, Child Craft, LLC, along with G.E.G. of Indiana, LLC, Gateway Manufacturing, LLC, Harrison Manufacturing, LLC, Douglas K. Gessford, ("Mr. Gessford") and Daryl Eason ("Mr. Eason") (collectively, "Defendants") alleging breach of contract and conversion, and seeking to pierce the corporate veil. Dkt. 42. Defendant/Counterclaim-Plaintiff Harrison Manufacturing, LLC (f/k/a Child Craft, LLC) ("Child Craft")[1] filed an amended

---

[1] Harrison Manufacturing, LLC, the sole Counterclaim-Plaintiff, referred to itself as "Child Craft" in its original counterclaim. Dkt. 63 at 15. Therefore, for the purposes of this motion only, "Child Craft" refers to Harrison Manufacturing, LLC and Summit Forest's business partner, the former Child Craft, LLC.

counterclaim against Summit Forest and its President, Rob Bienias ("Mr. Bienias") (collectively, "Counterclaim-Defendants"), claiming breach of contract, breach of implied warranties, and negligent misrepresentation. Dkt. 93. Summit Forest and Mr. Bienias have moved for partial judgment on the pleadings. For the reasons set forth below, their motion (Dkt. 83) is **DENIED**.

## I. BACKGROUND

This case's complex procedural history arises from a relatively straightforward contract dispute. Child Craft was in the business of producing wooden furniture for infants and children. In 2008, Summit Forest and its president, Mr. Bienias, supplied unfinished and semi-finished wood to Child Craft which Child Craft intended to use to manufacture finished wooden furniture. Child Craft claims Summit Forest and Mr. Bienias promised to meet stringent and specific requirements for the wood products, but failed to do so. Specifically, the wood products provided by Summit Forest far exceeded maximum acceptable moisture content and had two or more distinct species of wood combined in the same products in contravention of Child Craft's specifications. These imperfections and other defects, made the wood products useless for Child Craft's purposes. After Child Craft informed Summit Forest that their business was suffering as a result of the defective wood products, Summit Forest and Mr. Bienias, personally, inspected the rejected goods and assured Child Craft they could and would deliver goods meeting Child Craft's specifications in a timely manner, but again, failed to do so. Child Craft timely rejected the goods and attempted to salvage the wood products into marketable products, but despite best efforts, was unable to do so. Child Craft continued to rely on Summit Forest and Mr. Bienias's representations until it was too late to find alternate suppliers. Ultimately, Child Craft was not able to fulfill orders from its customers and it suffered lost sales and was forced to go out of business.

In its First Amended Complaint (Dkt. 42) Summit Forest sued the Defendants on three counts: Count I-breach of contract, Count II-to pierce the corporate veil against Mr. Gessford and Mr. Eason as the controlling members of the LLC Defendants, and Count III-criminal conversion. Child Craft counterclaimed against Summit Forest and Mr. Bienias in his individual capacity, alleging Count I-breach of contract, Count II-breach of the implied warranties of merchantability and fitness for particular use, and Count III-negligent misrepresentation. Dkt. 93. Jurisdiction and venue are proper in this court. 28 U.S.C. §§ 1332, 1391(b).

## II. LEGAL STANDARD

Either party may move for judgment on the pleadings "[a]fter the pleadings are closed—but early enough not to delay trial." Fed. R. Civ. P. 12(c) ("Rule 12(c)"). A motion for judgment on the pleadings under Rule 12(c) is evaluated under the same standard as a motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) ("Rule 12(b)(6)"). *Buchanan-Moore v. Cnty. of Milwaukee*, 570 F.3d 824, 827 (7th Cir.2009). A complaint need not make detailed factual allegations to survive a Rule 12(c) motion for judgment on the pleadings, but it must contain more than labels and conclusions or a formalistic recitation of the elements of a cause of action. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). The complaint must include "enough facts to state a claim to relief that is plausible on its face." *Hecker v. Deere & Co.*, 556 F.3d 575, 580 (7th Cir.2009) (citations and internal quotations omitted). To be facially plausible, the complaint must allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009). In making its determination, the court accepts the allegations in the complaint as true and draws all reasonable inferences in favor of the non-movant. *Mallett v. Wisconsin Div. of Vocational*

*Rehabilitation*, 130 F.3d 1245, 1248 (7th Cir.1997); *Porter v. DiBlasio*, 93 F.3d 301, 305 (7th Cir.1996). Accordingly, the facts outlined above are accepted as Child Craft alleges them.

### III.  DISCUSSION

Summit Forest and Mr. Bienias move for judgment on the pleadings on three different grounds. First, that there are no grounds for piercing the corporate veil, and therefore Mr. Bienias cannot be sued in his individual capacity. Second, punitive damages are not recoverable for negligent misrepresentation. And, third, Child Craft has not stated a plausible claim for breach of the implied warranty of merchantability. These three arguments are addressed in turn below.

**A.  Whether Mr. Bienias can be sued in his individual capacity**

Child Craft has sued Mr. Bienias, individually, for negligent misrepresentation. Mr. Bienias served as the president of Summit Forest during the entire relationship between Summit Forest and Child Craft. "In general, a corporate officer or employee is not individually liable for the corporation's actions, and an office or corporate status, even a very senior one, does not in itself expose an individual to personal liability." *Comm'r, Dep't of Enviro. Mgmt. v. RLG, Inc.*, 755 N.E.2d 556, 559 (Ind. 2001). However, in some instances courts will determine that there is no practical difference between the officers and shareholders and the corporation and pierce the corporate veil and subject shareholders and corporate officers to personal liability. *Escobedo v. BMH Health Assocs., Inc.*, 818 N.E.2d 930, 933 (Ind. 2004); *Roake v. Christensen*, 528 N.E.2d 789, 791-92 (Ind. Ct. App. 1998). Generally, courts are reluctant to pierce the corporate veil, *Longhi v. Mazzoni*, 914 N.E.2d 834, 838 (Ind. Ct. App. 2009), and the eight most common instances in which the corporate veil is pierced[2] do not apply in this case. However, the list is

---

[2] As described in *Anderson v. Price*, 644 N.E.2d 864, 867 (Ind. 1994):

not exhaustive, *id.* at 839, and a corporate officer may be personally liable for a corporate tort if she has an additional personal connection with the tort aside from holding the office. *Roake*, 528 N.E.2d at 791-92.

Summit Forest and Mr. Bienias contend that Child Craft's counterclaim does not ask the court to pierce the veil, nor does Child Craft claim Mr. Bienias had any connection to the negligent misrepresentation independent of his role as Summit Forest president. And, without either of these, it argues, Mr. Bienias cannot be held personally liable. This Court disagrees.

In *Roake*, the court held that a corporate officer could be held personally liable because he was the only officer or employee involved in misrepresentations made to the plaintiff. 528 N.E.2d at 792. In other words, the actions of the officer and corporation were so intertwined that there was no practical difference between them. The Court finds this reasoning persuasive. Defendants have alleged that Mr. Bienias made negligent misrepresentations on the same issues and to the same extent as Summit Forest. Given Mr. Bienias's status as president and that no other individual from Summit Forest is alleged to have made misrepresentations, it is possible to infer that Mr. Bienias may have been the only Summit Forest officer or employee involved in the misrepresentation. The rest of the complaint, taken as true, constitutes a plausible claim for relief. *Iqbal*, 556 U.S. at 678. Although the development of the facts in the case may show this claim to be of no avail, at this stage of the proceedings, Summit Forest and Mr. Bienias's motion for judgment on the pleadings for Mr. Bienias's liability on Count III must be **DENIED**.

---

(1) undercapitalization; (2) absence of corporate records; (3) fraudulent representation by corporation shareholders or directors; (4) use of the corporation to promote fraud, injustice or illegal activities; (5) payment by the corporation of individual obligations; (6) commingling of assets and affairs; (7) failure to observe required corporate formalities; or (8) other shareholder acts or conduct ignoring, controlling, or manipulating the corporate form.

**B.     Whether there is a basis for punitive damages**

In their negligent misrepresentation claim, Child Craft asks for punitive damages. In response, Summit Forest and Mr. Bienias argue that punitive damages are not awardable for such a claim. The parties agree that Indiana has adopted Restatement (Second) of Torts § 552 ("section 552")—Information Negligently Supplied for the Guidance of Others—as its standard for negligent misrepresentation when there is a direct link between plaintiff and defendant. *Passmore v. Multi-Mgmt. Servs. Inc.*, 810 N.E.2d 1022, 1025 (Ind. 2004); *Eby v. York-Division, Borg-Warner*, 455 N.E.2d 623, 629-30 (Ind. Ct. App. 1983). They also agree that Indiana has not spoken as to whether punitive damages are recoverable in negligent misrepresentation. Summit Forest and Mr. Bienias cite two parts of section 552: (1) section one (1), which states that "[o]ne who . . . supplies false information for the guidance of others in their business transactions, is subject to liability for pecuniary loss . . . if he fails to exercise reasonable care or competence" (Restatement (Second) of Torts § 552(1) (1977)); and (2) comment (i), discussed *infra*. Additionally, Summit Forest and Mr. Bienias claim that these parts of section 552 and Indiana courts' reluctance to expand the doctrine of negligent misrepresentation, *see, e.g.*, *Passmore* 810 N.E.2d at 1025, support their position that only pecuniary damages are recoverable.

The parties disagree on the meaning of comment (i), which reads in relevant part as follows:

> When a misrepresentation creates a risk of physical harm to the person, land or chattels of others, the liability of the maker extends, under the rules stated in §§ 310 and 311, to any person to whom he should expect physical harm to result through action taken in reliance upon it. When a misrepresentation is fraudulent and results in pecuniary loss, the liability of the maker extends, under the rule stated in § 531, to any of the class of persons whom he intends or should expect to act in reliance upon it, and to loss suffered by them in any of the general type of transactions in which he intends or should expect their conduct to be influenced.

6

> Under the rule stated in Subsection (2) of this Section, *when the misrepresentation is merely negligent* and results in pecuniary loss, the scope of the liability is narrower. The maker of the negligent misrepresentation is subject to liability to only those persons for whose guidance he knows the information to be supplied, and to them only for loss incurred in the kind of transaction in which it is expected to influence them.

Restatement (Second) of Torts § 552 cmt. i (1977) (emphasis added). Summit Forest and Mr. Bienias claim that when a tortfeasor merely negligently, rather than consciously or deliberately, misrepresents, a claimant is limited to pecuniary losses only. Child Craft responds that this limitation applies only when the tortfeasor was merely, rather than grossly, negligent. The disputed phrase, "when the misrepresentation is merely negligent," is in the second paragraph; the first paragraph describes misrepresentation that creates a risk of physical harm or misrepresentation that is fraudulent. Since the second paragraph discusses a less culpable state of mind than the first, the Court concludes that "merely negligent" refers to any negligent misrepresentation, and that the drafters of section 552 did not intend to distinguish between merely and grossly negligent misrepresentation.

However, as Child Craft points out, when section 552 was adopted in Indiana, the Court of Appeals adopted it in conformity with Indiana's negligence regime; Indiana's negligence regime was not adjusted to conform to section 552. *Eby*, 455 N.E.2d at 629. And, importantly, Indiana courts have allowed punitive damages in cases of gross negligence. Dkt. 87 at 4 (citing *Westray v. Wright*, 834 N.E.2d 173, 180 (Ind. Ct. App. 2005)). This Court finds that the alleged total uselessness of Summit Forest's products, and repeated assurances by Summit Forest and Mr. Bienias that their shipments would and did comply with Child Craft's requirements, constitute a plausible claim of gross negligence. Therefore, Summit Forest's motion for judgment on the pleadings on the issue of punitive damages must be **DENIED**.

**C.      Whether Child Craft has pleaded a plausible claim for breach of implied warranty of merchantability**

In Count II, Child Craft claimed that "[b]y delivering goods that failed to conform to Child Craft's specifications and were otherwise defective, Summit Forest Products breached the implied warranties of merchantability and fitness for a particular purpose, which are provided by Ind. Code § 26-1-2-314 and Ind. Code § 26-1-2-315 respectively." The implied warranty of merchantability requires the goods to be, among other things, of fair, average quality within the contract description of fungible goods, and fit for the goods' ordinary use. Ind. Code § 26-1-2-314(2)(b-c). Summit Forest and Mr. Bienias claim that Child Craft's counterclaim focused exclusively on the goods' failure to meet Child Craft's specifications, and thus they had failed to state a claim for breach of implied warranty of merchantability. Dkt. 84 at 9.[3]

Child Craft, however, accuses Summit Forest of violating the spirit of notice pleading by moving for judgment on the pleadings merely because Child Craft "did not recite the underlying standard that the defective goods . . . were not fit for the ordinary purpose for which such goods are used." Child Craft claims that such error, if any, was harmless because they alleged the products were useless for Child Craft's purposes and were otherwise defective in many other respects. The Court agrees that the language pled was enough to "give the defendant sufficient notice to enable him to begin to investigate and prepare a defense." *United States v. City of Evansville*, No. 3:09–cv–128–WTL–WGH, 2011 WL 52467, at *1 (S.D. Ind. Jan. 6, 2011) (internal quotation omitted).

The Court notes its concern that Child Craft's claim that the goods were useless or defective was only pleaded in the context of the goods' failure to meet its specifications.

---

[3] Summit Forest and Mr. Bienias do not claim that Child Craft has failed to state a claim for breach of the implied warranty of fitness for particular use.

Nonetheless, the description of how the products were faulty, especially the unacceptably high moisture content, permits a reasonable inference that the unfinished and semi-finished wood products were not fit for their ordinary purpose—making them into finished wood products. Because the Court is required to accept the claimants' allegations as true and draw all reasonable inferences in their favor, Summit Forest and Mr. Bienias's motion is **DENIED**, and Child Craft may proceed with its counterclaim for breach of implied warranty of merchantability.[4]

## IV. CONCLUSION

For the foregoing reasons, Summit Forest and Mr. Bienias's motion for partial judgment on the pleadings (Dkt. 83) is **DENIED**.

SO ORDERED.   11/02/2012

_____
Hon. Tanya Walton Pratt, Judge
United States District Court
Southern District of Indiana

DISTRIBUTION:

Gordon D. Ingle
FAITH INGLE SMITH LLC
gdilaw@faithinglesmith.com

Jeffrey A. Savarise
FISHER & PHILLIPS LLP
jsavarise@laborlawyers.com

John C. Roach
RANSDELL & ROACH, PLLC
john@ransdellroach.com

S. Chad Meredith
RANSDELL & ROACH, PLLC
chad@ransdellroach.com

W. Keith Ransdell
RANSDELL & ROACH, PLLC
keith@ransdellroach.com

---

[4] Child Craft filed and was granted a motion to amend its complaint to include an accusation "that the goods provided by Summit were not fit for the ordinary purposes for which such goods are used." Dkt. 87 at 10 (internal quotation omitted); *see also* Dkt. 88. However, this language was only added into the title of Count II, and Child Craft alleged no new facts. The amended complaint therefore does not alter this court's decision.