UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

| | |
|---|---|
| JMB MANUFACTURING, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| CHILD CRAFT, LLC, ) | |
| HARRISON MANUFACTURING, LLC, ) | Case No. 4:11-cv-00065-TWP-WGH |
| G.E.G. OF INDIANA, LLC, ) | |
| GATEWAY MANUFACTURING, INC., ) | |
| DOUGLAS K. GESSFORD, ) | |
| DARYL EASON, ) | |
| ) | |
| Defendants. ) | |

**ENTRY ON VARIOUS MOTIONS**

This matter is before the Court on several motions by the parties. This initial lawsuit was filed by Plaintiff JMB Manufacturing, Inc. ("JMB") against several defendants including Child Craft, LLC ("Child Craft"). Child Craft subsequently filed a counterclaim, making it a counter-plaintiff and JMB a counter-defendant. Child Craft filed two motions for summary judgment; one on JMB's original complaint (Dkt. 89) and one on its own counterclaim (Dkt. 91). Before the deadline for responses had passed, the Magistrate Judge granted an extension to the dispositive motion deadline for the counterclaim only (Dkt. 109). On October 31, 2011, the dispositive deadline for the counterclaim was set for January 26, 2013 (Dkt. 112). On November 15, 2011, JMB filed a motion to deny Child Craft's motion for summary judgment (Dkt. 14)[1] and response to Child Craft's motions, which substantively responded to Child Craft's motion on the original complaint (Dkt. 115).[2]

---

[1] Counsel for JMB did not specify in this filing to which motion, either Dkts. 89 or 91, this filing referred. The Court interpreted the motion as requesting the denial of both Dkts. 89 and 91.

[2] Though the substance of Dkt. 115 responded to Dkt. 89 only, counsel for JMB referenced both Dkts. 89 and 91 in his filing.

On January 25, 2013, JMB made several filings, including a motion for summary judgment on its original complaint (Dkt. 133), a motion for summary judgment on the counterclaim (Dkt. 135), and a response to Child Craft's motion for summary judgment on the counterclaim (Dkt. 132). On January 31, 2013, Child Craft made two filings, including a motion to strike JMB's motion for summary judgment on its original claim (Dkt. 137) and a motion to strike JMB's response to Child Craft's motion for summary judgment on the counterclaim (Dkt. 138). On February 5, 2013, JMB filed a motion to amend its brief in support of its motion for summary judgment on the counterclaim (Dkt. 139), which the Court granted on February 14, 2012 (Dkt.146). On February 11, 2013, JMB filed a motion to strike Child Craft's motion for summary judgment on the counterclaim (Dkt. 91). Thereafter, the Court ordered expedited briefing on several of the new motions (Dkt. 141).

As an initial matter, the Court reminds the parties that collateral motions--such as motions to strike--in the summary judgment process are disfavored. Any dispute over the admissibility or effect of evidence should be raised through an objection within a party's brief. Local Rule 56-1(i). That said, the Court makes the following rulings on the ripe motions.

**A.    Child Craft's Motion to Strike (Dkt. 138) JMB's Response to Summary Judgment (Dkt. 132)**

In response to Child Craft's motion to strike, JMB contends that its response to Child Craft's motion for summary judgment on the counterclaim (Dkt. 91) found in Dkt. 132 was timely. First, the Court notes that Local Rule 56-1(b) provides that a "party opposing a summary judgment motion must, within 28 days after the movant serves the motion, file and serve a *response* brief and any evidence (that is not already in the record) that the party relies on to oppose the motion." (Emphasis added.) Unless an extension is requested and granted therefor, responses to motions for summary judgment are due 28 days after the initial motion is filed.

2

Second, the response referred to in LR 56-1, is not itself an independent motion. It is simply a response. Therefore, when the Magistrate Judge ordered that "any dispositive motion addressing the counterclaim is due on or before January 26, 2013," such order referred to *motions* for summary judgment, not to *responses* to motions.

When JMB filed its motion to deny summary judgment and a brief in response to Child Craft's motions in November 2012, counsel was not required to file a separate motion as found at Dkt. 114. Moreover, counsel did not specify which motion for summary judgment for which it requested denial. However, the substance of Dkt. 115 clearly refers only to Dkt. 89, which was brought to JMB's attention by Child Craft in its reply. *See* Dkt. 124 at 2 ("[JMB], however, has filed only one Response, and that Response does not directly address any arguments made in Child Craft's Motion for Partial Summary Judgment.").

Although technically, Child Craft's motion to strike is well-supported by the record, the Court concludes that justice warrants making an exception in this case. It is apparent a misunderstanding has occurred, wherein counsel for JMB sought to request an extension for responding to and filing motions regarding summary judgment on Child Craft's counterclaim.[3] Therefore, the Court will allow JMB's response as filed at Dkt. 132 and Child Craft's motion to strike (Dkt. 138) is **DENIED**. Child Craft will have 14 days from the date of this Order to file any reply to Dkt. 132. Counsel for JMB is instructed in the future to recognize and heed the distinction between responses and motions, and to file accordingly.

**B.     Child Craft's Motion to Strike (Dkt. 137) JMB's Motion for Summary Judgment on the Original Complaint (Dkt. 133)**

Child Craft moved to strike JMB's motion for summary judgment on the original complaint. JMB failed to respond within the expedited briefing deadline. JMB's motion found

---

[3] The Court infers this intent from the strategy of filing both a motion to deny (Dkt. 114) and response (Dkt. 115) in November 2012, as JMB's request for an extension of time (Dkt. 99) refers only to motions and not responses.

at Dkt. 133 clearly falls outside the dispositive motion deadline for the original complaint. Therefore, Child Craft's motion to strike (Dkt. 137) is **GRANTED**.

### C. JMB's Motion to Strike (Dkt. 143) Child Craft's Motion for Partial Summary Judgment (Dkt. 91)

In what appears to be a last-ditch effort to thwart Child Craft's motion on its counterclaim, JMB has filed a motion to strike Child Craft's motion for partial summary judgment as moot. Child Craft filed its motion for partial summary judgment on October 1, 2012 and on October 2, 2012, filed its amended counterclaim. (Dkt. 93.) JMB contends that the motion for partial summary judgment is therefore moot, based on the general rule that an amended complaint supersedes an original complaint, thus any pending motion on the original complaint is rendered moot. However, this is not a rule, per se. And here, where each party has briefed the summary judgment motion and the substance of the complaint was not altered, justice would not be served by striking Child Craft's motion. Therefore, JMB's motion to strike (Dkt. 143) is **DENIED**.

### CONCLUSION

The following motions are **DENIED**: JMB's motion to strike (Dkt. 143) and Child Craft's motion to strike (Dkt. 138). Child Craft's motion to strike (Dkt. 137) is **GRANTED** and JMB's motion for summary judgment (Dkt. 133) is ordered **stricken**.

SO ORDERED.

Dated: 02/19/2013

Hon. Tanya Walton Pratt, Judge
United States District Court
Southern District of Indiana

DISTRIBUTION:

Gordon D. Ingle
FAITH INGLE SMITH LLC
gdilaw@faithinglesmith.com


Jeffrey A. Savarise
Fisher & Phillips LLP
jsavarise@laborlawyers.com

John C. Roach
RANSDELL & ROACH, PLLC
john@ransdellroach.com

S. Chad Meredith
RANSDELL AND ROACH, PLLC
chad@ransdellroach.com

W. Keith Ransdell
RANSDELL AND ROACH, PLLC
keith@ransdellroach.com