UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

| | |
|---|---|
| JMB MANUFACTURING, INC.,       )<br>                                                       )<br>                 Plaintiff,             )<br>                                                       )<br>         vs.                                       )<br>                                                       )    Case No. 4:11-cv-00065-TWP-WGH<br> CHILD CRAFT, LLC,                )<br> DOUGLAS K. GESSFORD,    )<br> DARYL  EASON,                     )<br>                                                       )<br>                 Defendants.        )| |

### ENTRY ON MOTION TO WITHDRAW ATTORNEY APPEARANCE

This matter is before the Court on counsel for plaintiff's, Gordon D. Ingle, Motion to Withdraw Attorney Appearance (Dkt. 166).  The Court held a telephonic status conference on May 13, 2013 where Mr. Ingle and counsel for Defendants, W. Keith Ransdell and S. Chad Meredith, appeared.  The Court took the Motion under advisement and now makes its ruling.

Granting or denying a motion to withdraw an attorney's appearance is within the discretion of the trial court.  To determine whether withdrawal is appropriate, the Court will analyze the request under Indiana Professional Rule of Conduct 1.16 and also consider the interests of the client, other parties, and the Court.  *See Burns v. Gen. Motors Corp.*, 1:06-CV-0499-DFH-WTL, 2007 WL 4438622, at *1 (S.D. Ind. Nov. 30, 2007). *See Hammond v. T.J. Litle & Co., Inc.*, 809 F. Supp. 156, 159 (D. Mass. 1992) ("An attorney who agrees to represent a client in a court proceeding assumes a responsibility to the court as well as to the client."); *Gibbs v. Lappies*, 828 F. Supp. 6, 7 (D.N.H. 1993); *Haines v. Liggett Grp., Inc.*, 814 F. Supp. 414, 423 (D.N.J. 1993).  Noting that Rule 1.16(d) requires withdrawing counsel to protect the client's

interest by "allowing time for employment of other counsel," the Court must also consider whether granting the motion would delay the trial, imposing substantial costs on the other party.

This case was filed nearly two years ago, on May 31, 2011. Trial by jury is scheduled for June 10, 2013, the docket is extensive and there has been complicated summary judgment motions practice. On May 2, 2013, Mr. Ingle filed his motion to withdraw attorney appearance. Mr. Ingle asserts that Ronald Bienias, the corporate representative of Plaintiff JMB Manufacturing, Inc., and a Counter-Defendant, has not paid outstanding legal fees, "cannot meet his financial obligation to carry the case through trial", and is without means to hire a new attorney. Furthermore, Mr. Ingle has been unable to reach Mr. Bienias to discuss the Court's directives. *See* Dkt. 185. Therefore, Mr. Ingle's request falls under Indiana Rule of Professional Conduct 1.16(b)(5), which states in part that an attorney may withdraw from legal representation when "the client fails to substantially fulfill an obligation to the lawyer regarding the lawyer's services."

Considering the parties' interests, Mr. Ingle has informed Mr. Bienias that a corporation may not represent itself and therefore JMB Manufacturing must have an attorney. Yet, Mr. Bienias consents to Mr. Ingle's withdrawal as counsel and has indicated to Mr. Ingle that he is willing to file a motion to dismiss the case or take default judgment. To date, no motion to dismiss has been filed with the Court. Defendants do not object to Mr. Ingle's withdrawal, but understandably, object to any delay of the trial that would result. While Mr. Ingle has failed to comply with the Court's pretrial deadlines, Defendants have complied by filing multiple pleadings including motions *in limine*. They have exerted effort and expense to prepare for trial. The Court likewise has exerted effort preparing for trial.

Most importantly, the final pretrial conference is scheduled for May 20, 2013. Trial is set for June 10, 2013 and Mr. Ingle's Motion was filed less than one month before trial. While similar circumstances ordinarily would require a denial of a motion to withdraw attorney appearance, the Court cannot ignore Mr. Bienias's consent to Mr. Ingle's Motion and willingness to dismiss the claims of the corporation, JMB Manufacturing. For those reasons, the Court will **GRANT** Mr. Ingle's Motion to Withdraw Attorney Appearance (Dkt. 166). Upon receipt of this Entry, Mr. Ingle shall email a copy to Mr. Bienias. Plaintiff JMB Manufacturing will have until May 19, 2013 to hire new counsel for trial, or to **SHOW CAUSE** why its action should not be dismissed and default judgment entered against it on the counter-claim. Likewise, Counter-Defendant Mr. Bienias has until May, 19, 2013; **5 DAYS from the date of this Entry** to **SHOW CAUSE why** default judgment should not be entered against him on the counter-claim.

SO ORDERED.

Date: 05/14/2013

_____
Hon. Tanya Walton Pratt, Judge
United States District Court
Southern District of Indiana

Distribution:

Gordon D. Ingle
FAITH INGLE SMITH LLC
gdilaw@faithinglesmith.com

Jeffrey A. Savarise
Fisher & Phillips LLP
jsavarise@laborlawyers.com

John C. Roach
RANSDELL & ROACH, PLLC
john@ransdellroach.com

S. Chad Meredith
RANSDELL AND ROACH, PLLC
chad@ransdellroach.com

W. Keith Ransdell
RANSDELL AND ROACH, PLLC
keith@ransdellroach.com

Ronald Bienias
39 Oak Lane
Lemont, IL 60439