UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

| | |
|---|---|
| HARRISON MANUFACTURING, LLC, *formerly known as* CHILD CRAFT, LLC. | ) ) ) |
| Counter Claimant, | ) ) |
| v. | ) Case No. 4:11-cv-00065-TWP-WGH ) |
| RON BIENIAS, | ) ) |
| Counter Defendant. | ) |

## ENTRY

This matter is before the Court on Counter-Defendant Ron Bienias's ("Mr. Bienias") Motion for Continuance of Trial (Dkt. 201), Motion to Set Aside Default Judgment (Dkt. 202), Motion to Reinstate Claims (Dkt. 203), and Motion *in limine* to Bifurcate (Dkt. 208). Trial of this matter is set to begin at 9 a.m. on Monday June 10, 2013. A final pretrial conference was held on June 3, 2013. Counsel for Mr. Bienias, Michael A. Landisman, filed his appearance on June 5, 2013. The Court will address each pending motion in turn.

## I. DISCUSSION

A.   **Motion for Continuance (Dkt. 201)**

On June 4, 2013, the Court denied Mr. Bienias's oral motion for continuance, indicating that Mr. Bienias has received numerous extensions and a prior continuance of trial during the course of the two-year litigation of this matter. Moreover, the trial consists of only one claim to be tried as a bench trial, which greatly reduces the complexity of the matter. The renewed motion, while brought by counsel, is a reiteration of Mr. Bienias's earlier request and the Court sees no new reason to continue the trial two days before it is scheduled to begin. The Court is sympathetic to Mr. Landisman's argument that the discovery is voluminous, but there is just one

straightforward issue to be tried on June 10, 2013. Moreover, counsel for Counter-Claimant (hereinafter, "Child Craft") have expended significant effort preparing for trial, in part because of Mr. Bienias's assurance on May 28, 2013, that he was prepared for a June 10, 2013 trial. Counsel for Child Craft also noted that Mr. Landisman first contacted them on May 31, 2013, yet did not file an Appearance until after the June 3, 2013 final pretrial conference. In short, the Court finds that a continuance is not warranted at this late date. Therefore, the Motion for Continuance (Dkt. 201) is **DENIED**. The trial on the sole claim of negligent misrepresentation against Mr. Bienias remains set for bench trial on **Monday June 10, 2013 at 9 a.m**.

**B.      Motion to Set Aside Default Judgment (Dkt. 202) and to Reinstate Claims (Dkt. 203)**

On May 28, 2013, the Court entered default judgment against JMB Manufacturing, Inc. ("JMB") on Counter-Claimant's claims against it, and the Court dismissed the claims against various defendants brought by JMB because it was a corporate party without counsel. JMB has requested the Court set aside the default judgment and reinstate its claims as plaintiff. Federal Rule of Civil Procedure 60(b)—which offers grounds for relief from a final judgment, order, or proceeding—provides the framework for determining whether JMB's motion should be granted. Rule 60(b) states that a court may relieve a party from a "final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief." None of the enumerated reasons apply to this matter and JMB does

not provide any analysis under Rule 60.  However Rule 60(b)(6) allows a party to put forth "any other reason" that might justify relief, and JMB argues that it was entitled to a reasonable opportunity to seek new counsel.  *See United States v. Hagerman*, 549 F.3d 536, 538 (7th Cir. 2008).

A court need not wait indefinitely for a corporation to obtain counsel.  *See Scandia Down Corp. Euroquilt, Inc.*, 772 F.2d 1423, 1427 (7th Cir. 1985) (stating that district judge would have been entitled to dismiss the case rather than "wait indefinitely" for corporate party to retain counsel).  Here, JMB was offered a reasonable opportunity to seek new counsel.  Mr. Bienias was on notice as of April 30, 2013 that his former counsel intended to seek withdrawal because Mr. Bienias could not afford to pay the expenses and attorneys' fees for a trial.  Additionally, Mr. Bienias's former counsel, Mr. Ingle, represented to the Court that Mr. Bienias consented to his withdrawal, and that they had discussed willingly taking a default judgment and/or dismissing JMB's claims.

A telephonic status conference was held on May 7, 2013 wherein this Court specifically ordered verification from Mr. Ingle that he had advised Mr. Bienias that a corporation may not represent itself and verification of Mr. Bienias's readiness for trial on the scheduled date.  It was only after Mr. Ingle provided these verifications to the Court that the Court allowed Mr. Ingle's Appearance to be withdrawn. When the motion to withdraw was granted based on the representations of Mr. Ingle on May 14, 2013, the Court entered a Show Cause order granting JMB five days to show why default judgment should not be entered and its claims not dismissed.  JMB did not enter a return to the Show Cause, and instead appeared at the May 20, 2013 final pretrial conference by corporate representative Mr. Bienias, but without counsel.  The Court then put Mr. Bienias on explicit notice that JMB could not proceed without counsel and the Court

would enter a default judgment against JMB and dismiss its claims if JMB failed to retain counsel. The Court then continued the final pretrial conference until May 28, 2013, to provide more time to retain counsel. Then, at the May 28, 2013 final pretrial conference, the Court entered default judgment and dismissed JMB's claims when it again appeared without counsel and trial was only two weeks away.

Given that trial was approximately six weeks away when Mr. Ingle first provided notice to Mr. Bienias of his intent to withdraw, the Court provided reasonable time for JMB to find counsel. Approximately four weeks elapsed between the time JMB first received notice, and when default was entered and claims were dismissed. Two weeks elapsed from the date of actual withdrawal, and the entering of default judgment and dismissal of claims. Within the procedural posture of this case, the amount of time afforded was reasonable. Therefore, JMB's Motion to Set Aside Default Judgment (Dkt. 202) and Motion to Reinstate Claims (Dkt. 203) are **DENIED**.

C.     **Motion *in limine* to Bifurcate (Dkt. 208)**

Mr. Bienias requests the Court bifurcate the liability and damages portions of the remaining claim alleging negligent misrepresentation. He contends that judicial economy is best served by reserving the testimony of Counter-Claimant's expert witness, David Parks, who will testify only to damages. If Mr. Bienias prevails, the Court will not need to hear Mr. Parks's testimony. Mr. Bienias also notes that Mr. Parks may be called out of order due to a possible scheduling conflict, and doing so would prematurely introduce evidence of economic damages in the liability phase of trial. Child Craft objects to the bifurcation and states that Mr. Parks does not have a scheduling conflict, but it requested calling Mr. Parks out of order to prevent him from sitting idly while waiting for his turn to testify, given his need to travel to Indianapolis.

Child Craft argues that bifurcating the trial will not serve judicial economy, but would only create additional work for all involved, including the Court. Finally, it argues that damages are an element of liability, and also that Mr. Bienias's concern with the premature introduction of damages is unwarranted in a bench trial.

Although the Court agrees with Child Craft that the concern over the premature introduction of damages is unwarranted in a bench trial, it also agrees with Mr. Bienias that delaying the damages portion of the trial and Mr. Parks's testimony until liability has been established, would conserve judicial resources. That is, if Mr. Bienias's defense is successful, the Court need not hear Mr. Parks's testimony on damages. Also, although the element of loss is a requirement of an action for negligent misrepresentation, the amount and extent of loss need not be expounded upon during the liability phase. Moreover, the Court can easily accommodate a short bench trial on the damages portion without expending additional resources. The Court certainly takes seriously the burden that Child Craft and Mr. Parks may suffer if the trial is bifurcated. Yet, the Court finds that bifurcation would promote fairness under the circumstances in this case and would allow additional preparation time for Mr. Landisman if the damages portion of trial becomes necessary. Therefore, the Court will hear the liability portion of trial on **Monday June 10, 2013 at 9 a.m.** and, if required, will set a later date to hear the damages portion of this matter.

## II. CONCLUSION

For the reasons set forth above, Counter-Defendant Ron Bienias's Motion for Continuance of Trial (Dkt. 201) is **DENIED**, Motion to Set Aside Default Judgment (Dkt. 202) is **DENIED**, Motion to Reinstate Claims (Dkt. 203) is **DENIED**, and Motion *in limine* to Bifurcate (Dkt. 208) is **GRANTED**.

**SO ORDERED**.

Date: 06/07/2013

_____
Hon. Tanya Walton Pratt, Judge
United States District Court
Southern District of Indiana

Distribution:

JMB MANUFACTURING, INC.
Michael A. Landisman
landismanatty@gmail.com

John C. Roach
RANSDELL & ROACH, PLLC
john@ransdellroach.com

S. Chad Meredith
RANSDELL AND ROACH, PLLC
chad@ransdellroach.com

W. Keith Ransdell
RANSDELL AND ROACH, PLLC
keith@ransdellroach.com

John C. Hoard
RUBIN & LEVIN, PC
johnh@rubin-levin.net

Joshua William Casselman
RUBIN & LEVIN, PC
jcasselman@rubin-levin.net