## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF INDIANA
## NEW ALBANY DIVISION

| | |
|---|---|
| HARRISON MANUFACTURING, LLC,   ) | |
| ) | |
| Counter-Claimant,   ) | |
| ) | |
| v.   ) | Case No. 4:11-cv-00065-TWP-WGH |
| ) | |
| RON BIENIAS,   ) | |
| ) | |
| Counter-Defendant.   ) | |

### ENTRY ON OBJECTIONS

This matter is before the Court on Counter Claimant Harrison Manufacturing, LLC's ("Harrison") Objection to Counter Defendant's Proposed Findings of Fact and Conclusions of Law (Dkt. 224). Harrison tried its counter claim to the Court in a bench trial on June 10, 2013. At the close of evidence, the Court took the matter under advisement and ordered the parties to submit proposed findings of fact and conclusions of law. Harrison raises multiple objections to Counter Defendant Ron Bienias's ("Mr. Bienias") proposed findings, which the Court will **SUSTAIN in part** and **RESERVE JUDGMENT in part**.

### I. DISCUSSION

**A.     Objection to Citation of Exhibit 548**

Harrison objects to Mr. Bienias's citation to Exhibit 548, which was not entered into evidence at trial. Mr. Bienias asserts that Exhibit 548 was "referenced in error." Dkt. 225 at 1. Therefore, he does not oppose Harrison's objection. The Court will therefore **SUSTAIN** Harrison's objection to the citation of Exhibit 548.

B.     **Objection to Citation of Depositions**

Harrison next objects to Mr. Bienias's citations to the depositions of Daryl Eason and Doug Gessford, because these deposition exerts were not introduced as evidence at trial. Mr. Bienias responds that the deposition testimonies of Mr. Eason and Mr. Gessford were listed on Harrison's final exhibit list, to which Mr. Bienias stipulated and the list was included with Harrison's exhibit binder at trial. Harrison admits that the statement "[a]ny and all depositions (and exhibits thereto), including but not limited to the depositions of Doug Gessford and Ron Bienias," was included on its exhibit list as item number 175. However, Harrison contends that it is "master of its own Exhibit List," and it did not physically introduce item number 175 as an exhibit at trial. To the contrary, Mr. Bienias asserts that he relied upon the stipulated exhibit list and understood, pursuant to the parties' agreement prior to trial, that each exhibit on the list would be introduced. As a result of this misplaced reliance, the depositions of Doug Gessford and Daryl Eason were not independently introduced in evidence by Mr. Bienias. Importantly, because exhibit list item 175 was not admitted at trial, the Court does not have a copy of the deposition testimony of either Mr. Gessford[1] or Mr. Eason, therefore it cannot consider either deposition in its findings of fact.

It appears Mr. Bienias' omission was inadvertent. In the Court's view, it is prudent to allow Mr. Bienias to introduce the omitted evidence relied upon in his proposed findings of fact and conclusions law. It is always preferable to decide a case on its merits and "it is well within the discretion of the trial court to correct any errors or gaps in the record by hearing additional evidence." See *Oak Hall Cap & Gown Co. v. Old Dominion Freight Line, Inc.,* 899 F.2d 291, 295 (4th Cir.1990). That said, the Court will reopen the bench trial to allow Mr. Bienias to

---

[1] While still a Defendant in this action, several Summary Judgment exhibits titled Gessford deposition were filed. (See Dkt. 90-2, Dkt. 116-4,5 and 6 and Dkt. 147-11). However, the Court may not consider these exhibits as none were admitted in evidence for purpose of the trial.

supplement the evidentiary record by introducing the omitted evidence, and Harrison, of course, may present any objections to admission of the proposed evidence. "The decision to reopen a civil bench trial to submit additional proof rests in the sound discretion of the trial court." *Johnson v. Hix Wrecker Serv., Inc.*, No. 12-3475, 2013 WL 3366226, at *2 (7th Cir. July 3, 2013) (citing *Zenith Radio Corp. v. Hazeltine Research, Inc.*, 401 U.S. 321, 331–32 (1971); Fed. R. Civ. P. 59(a)(2)). Federal Rule of Civil Procedure 59(a)(2) states that: "After a nonjury trial, the court may, on motion for a new trial, open the judgment if one has been entered, take additional testimony, amend findings of fact and conclusions of law or make new ones, and direct the entry of a new judgment." Consistent with *Johnson* and Rule 59(a)(2), the Court will **RESERVE JUDGMENT** on Harrison's objection to the citation of depositions.

The Court is setting a hearing for **September 23, 2013 at 10:00 a.m.** to reopen the trial and allow Mr. Bienias to introduce the omitted evidence. Harrison may present any further objection at the hearing and the Court will make its final determination on the admissibility of the evidence and rule on the objection at that time.

C.    **Objection to Misidentification of Child Craft Industries**

Finally, Harrison objects to Mr. Bienias's characterization of Child Craft, LLC as "formerly known as" Child Craft Industries, which it claims is an incorrect characterization. Mr. Bienias asserts that although Child Craft, LLC was a separate company that purchased the assets of Child Craft Industries, "Child Craft, LLC was the successor-in-interest to Child Craft Industries, Inc. . . . [S]uccessors-in-interest to a business are often described as being 'formerly known as' the business that was purchased." Dkt. 225 at 3. Even so, Harrison is correct, Child Craft, LLC was a separate company. The Court will **SUSTAIN** Harrison's objection and will not refer to Child Craft, LLC as "formerly known as" Child Craft Industries.

## II. CONCLUSION

Accordingly, Harrison Manufacturing, LLC's Objection (Dkt. 224) is **SUSTAINED in part;** the Court sustains Harrison's objections to citation to Exhibit 548 and to referring to Child Craft LLC as "formerly known as". The Court **RESERVES JUDGMENT** on the objection to the reference to the deposition testimony of Daryl Eason and Doug Gessford. The Court will reopen the bench trial for the limited purpose set forth in this Entry. The parties are ordered to appear for a hearing on **Monday, September 23, 2013 at 10:00 a.m.** in the Birch Bayh Federal Building and U.S. Courthouse, Room 344, Indianapolis, Indiana for matters consistent with this Entry.

**SO ORDERED.**

Date: 09/11/2013

Hon. Tanya Walton Pratt, Judge
United States District Court
Southern District of Indiana

DISTRIBUTION:

Michael A. Landisman
landismanatty@gmail.com

S. Chad Butcher
schadbutcher@gmail.com

John C. Roach
RANSDELL & ROACH, PLLC
john@ransdellroach.com

S. Chad Meredith
RANSDELL AND ROACH, PLLC
chad@ransdellroach.com

W. Keith Ransdell
RANSDELL AND ROACH, PLLC
keith@ransdellroach.com