**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION**

| | |
|---|---|
| HARRISON MANUFACTURING, LLC formerly known as CHILD CRAFT, LLC, ) ) ) | |
| Counter Claimants, ) ) | |
| v. ) ) | Case No. 4:11-cv-00065-TWP-WGH |
| JMB MANUFACTURING, INC., doing business as SUMMIT FOREST PRODUCTS COMPANY, and RON BIENIAS, ) ) ) ) ) | |
| Counter Defendants. ) | |

**ENTRY ON MOTION FOR RECONSIDERATION**

This matter is before the Court on JMB Manufacturing, Inc.'s ("JMB") and Ron Bienias' ("Mr. Bienias") (collectively, "Counter Defendants") Motion for Reconsideration (Filing No. 261). This action was before the Court on a bench trial on June 10, 2013, which resulted in a ruling for Counter-Claimant Harrison Manufacturing, LLC, ("Child Craft") against Mr. Bienias (Filing No. 234). The Court entered final judgment and awarded damages on April 25, 2014, following a hearing at which Mr. Bienias appeared *pro se*. (Filing No. 250). Mr. Bienias and JMB, through counsel, now seek reconsideration of the Court's judgment. For the following reasons, the Motion is **GRANTED in part** and **DENIED in part**.

**I. LEGAL STANDARD**

Motions to reconsider under Federal Rule of Civil Procedure 59(e) serve a limited function, to be used "where the Court has patently misunderstood a party, or has made a decision outside the adversarial issues presented to the Court by the parties, or has made an error not of reasoning but of apprehension." *Davis v. Carmel Clay Sch.*, 286 F.R.D. 411, 412 (S.D. Ind. 2012) (quoting *Bank of Waunakee v. Rochester Cheese Sales, Inc.*, 906 F.2d 1185, 1191 (7th Cir. 1990))

(additional quotations omitted). To prevail under Rule 59(e), "the moving party must clearly establish (1) that the court committed a manifest error of law or fact, or (2) that newly discovered evidence precluded entry of judgment." *Edgewood Manor Apartment Homes, LLC v. RSUI Indem. Co.*, 733 F.3d 761, 770 (7th Cir. 2013) (internal quotation omitted). "A 'manifest error' is not demonstrated by the disappointment of the losing party. It is the 'wholesale disregard, misapplication, or failure to recognize controlling precedent.'" *Oto v. Metro. Life Ins. Co.*, 224 F.3d 601, 606 (7th Cir. 2000) (quoting *Sedrak v. Callahan*, 987 F. Supp. 1063, 1069 (N.D. Ill. 1997)). Further, "an argument raised for the first time in a Rule 59(e) motion is waived." *Estremera v. United States*, 442 F.3d 580, 587 (7th Cir. 2006).

## II. DISCUSSION

Because the facts of this case are set forth at length in the Court's Findings of Fact and Conclusions of Law, ([Filing No. 234](#)), the Court will refrain from further recitation.

The Counter Defendants do not offer any newly discovered evidence to support its Rule 59 motion but argue only that the Court misapplied the controlling law and misapprehended the evidence. Specifically, JMB and Mr. Bienias contend the Court committed manifest errors of law in four areas, which the Court will address in turn.

First, Counter Defendants argue that the Court awarded benefit-of-the-bargain damages to Child Craft, which conflicts with the Restatement (Second) of Torts § 552B. They further argue that the Court decided this issue outside of the adversarial process because the Court relied on *Trytko v. Hubbell, Inc.*, 28 F.3d 715 (7th Cir. 1994), which was not cited by the parties in the context of damages. However, "[f]ederal courts are entitled to apply the right body of law, whether the parties name it or not." *ISI Int'l, Inc. v. Borden Ladner Gervais LLP*, 256 F.3d 548, 551 (7th Cir. 2001). *Trytko* was cited by Counter Defendants during the liability phase of this trial and is

on point for both the liability and damages issues presented in this case. The Court disagrees that citation and reliance upon *Trytko* was outside the adversarial issues presented by the parties.

In *Trytko*, the Seventh Circuit described the difference between out-of-pocket and benefit-of-the-bargain damages. It stated:

> the key distinction between these two measures of damages . . . is concisely summarized as the difference between reliance and expectancy damages. The limitation on benefit-of-the-bargain damages refers to the expectancy damages caused where a misrepresentation underlies a bargain. In other words, benefit-of-the-bargain damages arise only where the misrepresentation created an expectancy. The plaintiff is not entitled to recover the expectancy described or contemplated by the misrepresentation because it was not a real loss suffered.

28 F.3d at 724. The Court previously found that because of Mr. Bienias' misrepresentations, Child Craft suffered the total loss of its business, which included a total loss of $5,046,988.00. That number included a subset of lost profits for the Vogue Line of $2,227,172.00, which the Court reduced by $1 million. Despite that Mr. Bienias did not raise a benefit-of-the-bargain argument earlier, the Court agrees that as it applies to lost profits, these were expectancy damages improperly awarded. Upon reconsideration, the Court finds it was a misapplication of the law to allow any lost profits damages. Recognizing that the Court has already reduced the $2,227,172.00 in lost profits by one million dollars; the Court will reduce the overall award by an additional $1,277,127.00.

Second, Counter Defendants argue that the economic loss doctrine should bar Child Craft's claims. This issue was thoroughly litigated, and in rendering its decision, the Court carefully considered Indiana precedent and found that Mr. Bienias' position as a broker supplying information was similar enough to the professional identified in *Jeffrey v. Methodist Hospitals*, 956 N.E.2d 151, 156 (Ind. Ct. App. 2011), to warrant moving forward. The *Jeffrey* court cited the *U.S. Bank, N.A. v. Integrity Land Title Corp.*, 929 N.E.2d 742, 747 (Ind. 2010), for the proposition

that, "[a] professional may owe a duty to a third party with whom the professional has no contractual relationship, but the professional must have *actual knowledge that such third person will rely on his professional opinion*." The Court previously found that Mr. Bienias was such a professional providing information. Specifically the Court found:

> Mr. Bienias has an extensive work history as it relates to wood and wood processing, including work as quality control manager, manufacturing manager and plant manager for several furniture manufacturing companies. In the early 1990s, Mr. Bienias formed Summit through which he acts as an independent consultant and broker for furniture manufacturers. Mr. Bienias has a bachelor's degree in forestry, a master's degree in wood technology, and a degree in business.

([Filing No. 234 at ECF pp. 1-2](#)). Just as in *Jeffrey* and *U.S. Bank*, Mr. Bienias' position and relationship with Child Craft was "advisory," and he was in possession of superior knowledge and expertise. Counter Defendants disagree with the Court's reasoning, but have presented no legal authority to convince the Court that its reasoning was a manifest error. Accordingly, the Court will not reconsider its ruling on this issue.

Third, Counter Defendants argue that Mr. Bienias did not make false representations and Child Craft did not justifiably rely on Mr. Bienias' statements. Counter Defendants ask the Court to reinterpret the evidence presented at trial and render a ruling in their favor. They provide no newly discovered evidence which could change the Court's ruling, and only put forth arguments that could have been or were made at trial. The Court will not reconsider this issue.

Fourth, Counter Defendants argue the Court ignored Mr. Bienias' defense of contributory negligence. They are correct that the Court did not make a conclusion of law in Mr. Bienias' favor assigning Child Craft contributory negligence following the bench trial. The Court's findings of fact do not support such a conclusion. Consistent with the Rule 59(e) standard, the Court will not reweigh the evidence or reconsider this argument.

### III. CONCLUSION

Accordingly, Counter Defendants' Motion for Reconsideration ([Filing No. 261](#)) is **GRANTED in part** and **DENIED in part**. The compensatory damages awarded to Child Craft are reduced by $1,277,172.00, making the final award $2,769,816.00. An amended final judgment will be issued.

Additionally, Counter Defendants' Motion to Stay Enforcement of the Judgment ([Filing No. 265](#)) is **DENIED as moot**.

**SO ORDERED.**

Date: 9/19/2014

Hon. Tanya Walton Pratt, Judge
United States District Court
Southern District of Indiana

DISTRIBUTION:

S. Chad Meredith
RANSDELL AND ROACH, PLLC
chad@ransdellroach.com

Michael Munley
TOMLINSON LAW OFFICE, P.C.
mmunley@tomlinson-law.com

Eric S. Pavlack
PAVLACK LAW LLC
eric@pavlacklawfirm.com

W. Keith Ransdell
RANSDELL AND ROACH, PLLC
keith@ransdellroach.com

John C. Roach
RANSDELL & ROACH, PLLC
john@ransdellroach.com

Michael P. Tomlinson
TOMLINSON LAW OFFICE, P.C.
mtomlinson@tomlinson-law.com