UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

| | | |
|---|---|---|
| HARRISON MANUFACTURING, LLC, | ) | |
| | ) | |
| Counter Claimant, | ) | |
| | ) | |
| v. | ) | 4:11-cv-65-TWP-WGH |
| | ) | |
| JMB MANUFACTURING, INC., and | ) | |
| RON BIENIAS, | ) | |
| | ) | |
| Counter Defendants. | ) | |

## MAGISTRATE JUDGE'S
## REPORT AND RECOMMENDATION

This matter is before the Honorable William G. Hussmann, Jr., United States Magistrate Judge, pursuant to the Order Referring Motion entered by District Judge Tanya Walton Pratt on November 19, 2014 (Dkt. 306), designating him to issue a report and recommendation on the Motion to Stay Enforcement of the Judgment filed by Counter Defendants JMB Manufacturing, Inc., and Ron Bienias (Dkt. 291). A Response was filed by Counter Claimant Harrison Manufacturing, LLC, on November 13, 2014. (Dkt. 303). No reply brief has been filed.

On September 19, 2014, this Court entered an Amended Final Judgment in favor of Counter Claimant Harrison Manufacturing, LLC (formerly known as Child Craft, LLC) and against the Counter Defendants JMB Manufacturing, Inc., and Ron Bienias. (Dkt. 281.) Compensatory damages were awarded against JMB Manufacturing, Inc., and Ron Bienias, jointly and severally, in the amount

of $2,769,816.00. Additional compensatory damages were awarded against JMB Manufacturing, Inc., alone, in the amount of $11,000.00.

A Notice of Appeal to the United States Court of Appeals for the Seventh Circuit was filed by JMB Manufacturing and Mr. Bienias on October 17, 2014. (Dkt. 282.) Harrison Manufacturing filed its Notice of Appeal on October 20, 2014. (Dkt. 285.)

**Analysis**

Federal Rule of Civil Procedure 62 addresses a stay of proceedings to enforce a judgment. In this case, the Judgment is a money judgment and does not involve an injunction, a receivership, or a patent accounting. After 14 days have passed, and when there is no motion pending under Rule 50, 52(b), 59, or 60 pending, Rule 62 provides that "[i]f an appeal is taken, the appellant may obtain a stay by supersedeas bond. . . ." The Rule only allows the stay without a bond "on an appeal by the United States, its officers, or its agencies or on an appeal directed by a department of the federal government."

JMB Manufacturing argues that this Court has inherent authority to waive a bond and cites to the Seventh Circuit case of *Olympia Equipment Leasing Company v. Western Union Telegraph Company*, 786 F.2d 794, 796 (7th Cir. 1986). However, a review of that case shows that it does not stand for the proposition that a bond may be waived entirely. Rather, that case affirmed a district court decision which did not specifically require a supersedeas bond, but did require an alternative type of security for the judgment which was in the form of a pledge of cash and accounts receivable. In the case currently pending

in this Court, neither JMS Manufacturing nor Bienias has proposed an alternative form of security.

A review of the authorities found at 11 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, <u>Federal Practice & Procedure</u> § 2905 (3rd ed. 2012), indicates that when courts have waived the bond requirement entirely, they have done so only when they are satisfied that the judgment debtor has sufficient funds to pay if the judgment is affirmed and there will be no delay in doing so. Those authorities suggest that the burden in on the party seeking a waiver to demonstrate that the judgment is not at risk and the bond will not be waived if that is not sufficiently established. Those same authorities suggest that the amount of the bond must be for "the judgment in full together with costs, interest, and damages for delay." *Id.*, citing to Former Rule 73(d).

Finally, the authorities suggest that the bond requirement will not be waived solely on the basis that it will pose a severe financial hardship on the appellant unless some other form of security is offered. *See* cases collected in Wright, Miller & Kane, § 2905 at FN 18.

### Recommendation

Therefore, the Magistrate Judge **RECOMMENDS** that this Court not stay execution upon this Amended Final Judgment without the posting of a supersedeas bond.

Mr. Bienias suggests that efforts to collect on the Amended Final Judgment include attachments of his Social Security or retirement pensions that

he believes should not be subject to execution. The Magistrate concludes that Mr. Bienias may file a motion to prohibit the opposing party from executing on particular types of assets. However, that is not an issue before the Court at this time.

**SO RECOMMENDED** the 9th day of December, 2014.

_____
WILLIAM G. HUSSMANN, JR.
Magistrate Judge

**Served electronically on all ECF-registered counsel of record.**